An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD L. WIGGAM, AN INDIVIDUAL,
Appellant/Cross-Respondent,
vs.
THE BARBARA BOWLING TRUST, BARBARA BOWLING TRUSTEE; AND BARBARA BOWLING, AN INDIVIDUAL,
Respondents/Cross-Appellants.

No. 56942

FILED

FEB 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND VACATING IN PART

This is a proper person appeal and a cross-appeal from a district court judgment in a breach of contract, tort, and declaratory relief action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Donald Wiggam appeals from the district court's judgment against him that voided a quitclaim deed and awarded respondents $34,649.96 in damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and false imprisonment, and $15,000 in attorney fees. Cross-appellants Barbara Bowling, Mr. Wiggam's mother, and the Barbara Bowling Trust appeal from the dismissal of their slander of title claim.

We review the district court's construction of the parties' contract de novo. Anvui, LLC v. G.L. Dragon, LLC, 123 Nev. 212, 215, 163 P.3d 405, 407 (2007). The parties' intentions regarding a contractual provision and whether the contract was breached are questions of fact that will not be set aside unless clearly erroneous and not supported by substantial evidence. Id. at 216, 163 P.3d at 407; Sheehan & Sheehan v. Nelson Malley & Co., 121 Nev. 481, 486, 117 P.3d 219, 223 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04991

The parties both agree that they entered into an oral contract in 1994 regarding property located in North Las Vegas, Nevada. The evidence showed that both parties agreed that the contract terms included the following: (a) Ms. Bowling would purchase the property and place it in trust; (b) Ms. Bowling would pay $250 per month (later increased to $350 per month) toward the mortgage; (c) Mr. Wiggam would pay the remainder of the mortgage (approximately $400 per month, which later increased to $563.46 per month); and (d) Mr. Wiggam would pay all insurance and taxes. The evidence indicates that in consideration for Mr. Wiggam's payment of the majority of the mortgage, he would, at some time in the future, receive title to the subject property.

Subsequent to the purchase of the property in 1994, Mr. Wiggam caused the mortgage, taxes, and insurance on the property to be unpaid until approximately July 2007. The district court found that Mr. Wiggam breached the contract and breached the implied covenant of good faith and fair dealing upon ceasing payment of his portion of the mortgage. Substantial evidence supports these findings, and thus, the district court properly entered judgment in favor of Ms. Bowling on these issues. Anvui, 123 Nev. at 216, 163 P.3d at 407. The measure of damages awarded by the district court, however, does not comport with Nevada law.

"[A] plaintiff may not recover damages twice for the same injury simply because he or she has two legal theories." Elyousef v. O'Reilly & Ferrario, LLC, 126 Nev. ___, ___, 245 P.3d 547, 549 (2010) (quotation marks omitted). "[W]hether the double recovery doctrine precludes a claim is a question of law we review de novo." Id. at ___, 245 P.3d at 548. The doctrine of double recovery prohibits the recovery of rescission or restitution damages, while simultaneously recovering

SUPREME COURT
OF
NEVADA

(O) 1947A

2

expectation damages. <u>Mackintosh v. California Fed. Sav.</u>, 113 Nev. 393, 405, 935 P.2d 1154, 1162 (1997) ("Allowing both recision [sic] and damages for breach of contract would constitute double recovery."); <u>Bergstrom v. Estate of DeVoe</u>, 109 Nev. 575, 578, 854 P.2d 860, 862 (1993) ("[A plaintiff may] demand alternative remedies, [but is] not entitled to both forms of relief because obtaining both rescission and damages for breach of contract constitutes a double recovery."); 11 Arthur L. Corbin, <u>Corbin on Contracts</u> § 55.6, at 21 (rev. ed. 2005) ("[A] plaintiff may not recover both restitution and damages for breach of contract.").

Here, the parties' contract was that Mr. Wiggam would pay a majority of the mortgage and eventually receive title to the property. The district court awarded Ms. Bowling expectancy damages for breach of contract based upon Mr. Wiggam's failure to continue paying the mortgage, and it also voided the quitclaim deed and restored title to the property to the Barbara Bowling Trust. If the contract is rescinded and title is returned to the Barbara Bowling Trust, however, Mr. Wiggam cannot be made to pay the $14,649.96 in damages for Ms. Bowling's expectation interest in the contract. Because the primary purpose of Ms. Bowling's lawsuit was to regain title to the property, we vacate the $14,649.96 award of damages for breach of contract and the $10,000 award of damages for breach of the implied covenant of good faith and fair dealing[1] under the double recovery doctrine, and affirm the district court's

---

[1]A breach of the implied covenant of good faith and fair dealing may sound in tort instead of contract when "a special element of reliance or fiduciary duty" exists. <u>Hilton Hotels v. Butch Lewis Productions</u>, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991). In this case, the district court found that a fiduciary duty did not exist, and substantial evidence supports its finding. Therefore, only contractual damages were available to Ms.

*continued on next page...*

judgment that voided the quitclaim deed, see Peardon v. Peardon, 65 Nev. 717, 732, 201 P.2d 309, 317 (1948) (holding that a deed may be set aside on grounds of fraud, duress, coercion, or undue influence), which effectively rescinds the contract and grants title to the Barbara Bowling Trust. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
Donald L. Wiggam
Gordon Silver
Eighth District Court Clerk

---

*...continued*
Bowling, and she was fully compensated for her contractual damages through the rescission of the contract and return of the title to the property. Elyousef, 126 Nev. at ___, 245 P.3d at 549; Countrywide Home Loans v. Thitchener, 124 Nev. 725, 733, 192 P.3d 243, 248 (2008).

[2]We have considered the parties' other arguments on appeal and cross-appeal, which includes the district court's denial of Mr. Wiggam's motion to continue, finding of false imprisonment, and dismissal of Ms. Bowling's slander of title claim, and conclude that the district court's judgment was supported by substantial evidence and does not warrant reversal.